UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES AVIATION
UNDERWRITERS, INC.,

　　　　　　　Plaintiff,

-vs-                                    Case No. 6:09-cv-1184-Orl-28KRS

W.M. AVIATION, LLC, and
TRICOR INTERNATIONAL
CORPORATION,

　　　　　　　Defendants.
_____

# ORDER

Plaintiff, United States Aviation Underwriters, Inc. ("USAU"), brings the instant action

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, against its insureds,

Defendants W.M. Aviation, LLC and Tricor International Corporation.  Defendants have filed

a Motion to Dismiss (Doc. 8), arguing that the Complaint fails to state a cause of action and

that USAU's attempt to bring a declaratory judgment action is improper.  Having considered

the motion, USAU's response (Doc. 16) thereto, and pertinent law, the Court finds that

Defendants' motion is well-taken and that this action shall be dismissed.

## I.  Background

USAU issued an insurance policy to Defendants that provided Aircraft Physical

Damage coverage for a Cessna jet.  (Compl. ¶ 6).  The jet sustained damage on April 3,

2008 when it skidded off the runway at JFK Airport in New York City.  (Id. ¶ 7).  Defendants

asserted claims under the policy for the damage, and according to the Complaint, the parties

negotiated a settlement of $6.5 million.  (Id. ¶¶ 8-9).  USAU asserts that "the negotiated settlement agreement" required Defendants to execute a Proof of Loss and a "Policyholder Release."  (Id. ¶ 10).  However, Defendants have not executed these documents, and USAU contends that "[t]his inaction constitutes a breach of the settlement agreement."  (Id. ¶ 11).

USAU requests a declaration that the parties "entered into a valid and binding settlement agreement" and that the Defendants "are required to execute the agreed upon Proof of Loss and Policyholder Release which sets forth the fully negotiated terms and conditions of the settlement agreement."  (Id. ¶ 15A-B).  USAU has attached to the Complaint a copy of the insurance policy covering the jet and copies of the unexecuted release and proof of loss that it contends the Defendants are obligated to sign.  (Exs. A, B, & C to Doc. 1).

## II.  Discussion

The Declaratory Judgment Act provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  It is well-settled "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of

litigants," and the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. at 286-87 (internal quotations omitted). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Id. at 288.

"The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. However, "a court, 'in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is better or more effective.'" Angora Enters., Inc. v. Condo. Ass'n of Lakeside Vill., Inc., 796 F.2d 384, 387-88 (11th Cir. 1986) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2758); accord MacMillan-Bloedel, Inc. v. Fireman's Ins. Co. of Newark, 558 F. Supp. 596, 599 (S.D. Ala. 1983) ("Where another remedy would be a more effective or appropriate remedy, the court may properly decline to assume jurisdiction.").

The purposes of the Declaratory Judgment Act have been variously stated. Common formulations are: "to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty," Hardware Mutual Casualty Co. v. Schantz, 178 F.2d 779, 780 (5th Cir. 1949); to "offer[] a means by which rights or obligations may be adjudicated in cases . . . involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy," 22A Am. Jur. 2d Declaratory Judgments § 1; and to "afford[] an added remedy to one who is uncertain of his or her rights and who desires an early adjudication thereof without having to wait until his or her adversary should

decide to sue and to act at his or her peril in the interim," id. § 11.

Affording relief to USAU under the Declaratory Judgment Act would not serve any of these purposes. USAU seeks a declaration that a settlement agreement—apparently oral[1]—was reached and that Defendants are required to execute certain documents pursuant to that agreement. USAU alleges that Defendants have already breached a contractual duty under that settlement agreement, while Defendants dispute that any agreement was ever reached. USAU does not claim to be in doubt about its own rights or obligations, and the matter appears to have reached a stage where USAU can seek a coercive remedy in a contract action. It is clear that there are many disputed issues of fact, and resolution of those issues will likely depend on credibility determinations of fact witnesses and not on legal interpretations. Disputed facts do not necessarily preclude the issuance of declaratory relief, but here the essence of the case is a factual dispute as to the existence of a binding agreement; the determinative question is factual rather than legal.

Under these circumstances, the issuance of a declaratory judgment would not serve its intended purpose. Thus, the Court concludes that entertainment of this suit as an action

---

[1]USAU has attached a copy of the insurance policy—a common attachment in declaratory judgment actions initiated by insurers—to the Complaint, but this suit is not about the insurance policy but the alleged settlement that was reached pursuant to Defendants' claim under that policy. USAU also has attached a copy of the unsigned documents that it claims Defendants are required by the settlement agreement to sign, but those unsigned documents are not alleged to themselves constitute the settlement agreement that USAU is seeking a declaration regarding. In its Response to Defendants' motion, USAU asserts that "even a cursory review of the Complaint shows that . . . USAU has alleged the existence of a contract, oral, written, or otherwise." (Doc. 16 at 3). As far as the Court can glean from USAU's filings, USAU is alleging breach of an oral contract, and there is no other potential contract at issue, "written" or "otherwise"—whatever "otherwise" might mean.

under the Declaratory Judgment Act is not appropriate.  It is therefore **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**.  The Court declines to exercise jurisdiction over this suit under the Declaratory Judgment Act, and this case is **DISMISSED**.  The Clerk shall close this file.

       **DONE** and **ORDERED** in Orlando, Florida this 21st day of December, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record